SCHOENEMANN, Appellant, vs. SCHOENEMANN, Respondent.

*May 1—June 5, 1923.*

*Divorce: Division of estate: Alimony: Discretion of court.*

Although this court is reluctant to interfere with the discretion vested in trial courts by sec. 2364, Stats., relating to the division of the estate of the husband in divorce cases, a reasonable sum should have been allowed as alimony in this case, instead of a payment of $300 as a final division, where there was no physical property to divide and the plaintiff wife's physical condition and ability to care for herself in the future were materially impaired.

APPEAL from a judgment of the county court of Iowa county: ALDRO JENKS, Judge. *Modified and reversed.*

The parties married December 31, 1917, then each about twenty, and no children were born to them.

In June, 1921, plaintiff commenced this action for divorce alleging various acts of cruel treatment between December 1918, and June 13, 1921, at which time the plaintiff left the defendant. No answer appears in the record. Both appeared and testified. The court made findings and directed judgment awarding the plaintiff a divorce and permitting her to resume her maiden name.

Shortly after marriage they went to live upon the farm of defendant's father of 265 acres at a rental of $1,500 per year, which was paid for at least three years out of their earnings. They purchased the personal property and machinery from defendant's father at an agreed price of $9,200, he reducing it, by gift of about $500, to $8,700, and this was secured by a chattel mortgage. The two reduced this mortgage by payments of $1,500 and $1,800 during their occupancy of the farm. The value of this property at the time of the trial was found by the court to be about $5,000. Defendant's father also advanced to him during this period $1,400 secured by note for the purchase of an

automobile, so that at the time of the trial the defendant was owing his father at least $6,722.

A few articles of household furniture, the value not appearing, were given to them by the plaintiff's family and were awarded to her by the judgment.

Neither party owns any real estate or other property except that the plaintiff expected to receive, as had each of her brothers and sisters received, the sum of $500 as a gift from her father, to whom plaintiff has returned, and who owns a farm of about 400 acres in the neighborhood.

It is undisputed that during their married life the plaintiff worked in the fields as well as in and around the house and that her health was impaired.

The court in his decision stated that the situation as he saw it was that both of these young people fortunately have parents that seem to be disposed to take care of them and are able to do so; that if the court should take any great amount of property away from defendant and give it to plaintiff, in reality he would be taking it away from defendant's father and giving it to plaintiff's father, and that defendant at the time of the judgment has nothing. Then the court, considering also the physical condition of defendant, he having had three attacks of pneumonia and some physical defects which apparently impaired his ability to do some of the customary farm work, awarded plaintiff as a final division of the property the sum of $300.

From so much of the judgment as so provided the plaintiff has appealed.

For the appellant there was a brief by *James O'Neill* of Dodgeville and *Kopp & Brunckhorst* of Platteville, and oral argument by *Arthur W. Kopp*.

For the respondent there was a brief by *Fiedler, Fiedler, Jackson & Boardman* of Mineral Point and *E. C. Fiedler* of Beloit; and the cause was argued orally by *E. C. Fiedler*.

ESCHWEILER, J.   Reluctant as this court always is to interfere with the discretion vested in a trial court in matters such as are here involved, yet an examination of the record compels us to come to the conclusion that the trial court should have made a different adjustment of this case.   The court acted under sec. 2364, Stats., providing for alimony, and also: "The court may finally divide and distribute the estate, both real and personal, of the husband . . . between the parties and divest and transfer the title of any thereof accordingly, having always due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties and all the circumstances of the case."

Here the husband had no real estate of his own and his liabilities greatly exceeded the value of his personal property.   There was here, therefore, no present property which could be subjected to division or to any attempted enforcement of such provision.

The defendant was in effect compelled to mortgage, to that extent, his future earning capacity and to increase his then excess of liabilities over assets by a further loan if he were to meet the conditions of the judgment.   The court also, as is shown by his statement quoted above, was influenced in his division by undue consideration given to the circumstances of the respective families and their apparent ability and willingness to take care of the two parties.   In such situation, there being no present property to divide and the plaintiff's physical condition and ability to care for herself in the future being materially impaired, we think a proper regard for the character and situation of the parties, under all the circumstances of the case, would be better subserved by requiring that the defendant provide out of his future earnings for the care and support of his wife by monthly payments, until at least there has been some substantial change in the circumstances of either or both, rather

Estate of Novak, 181 Wis. 16.

than what the judgment gave to her, thereby forever releasing defendant, upon paying, from all further obligations to her. The judgment must be modified by striking out so much thereof as provides for the payment of the $300 as a final division, and substituting in lieu thereof a provision that some reasonable sum to be fixed by the trial court shall be paid by defendant by way of alimony to the plaintiff.

We shall not fix the allowance, but only suggest that $20 or $25 per month as such alimony would seem proper.

*By the Court.*—Judgment reversed, and the cause remanded with directions to enter judgment in accordance with this opinion.